## MUTUAL SAVINGS ASSN v HIGHWARDEN et

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 23, 1936

Duffey, Bryce & Duffey, Toledo, for appellee.

Alfred J. Croll, Toledo, for appellants.

### OPINION

By LLOYD, J.

This is an appeal on questions of law. In April, 1927, James and Leora Spealman conveyed to E. Bruce Highwarden certain real estate located on Avondale avenue, the agreed purchase price thereof being $4350. A loan of $4350, evidenced by a note secured by a mortgage, was obtained by Highwarden from The Mutual Savings Association. Highwarden becoming in default on the note, the association filed a petition in the Court of Common Pleas praying for a judgment on the note and foreclosure of the mortgage. No defense being made to this petition, a judgment and decree were entered as prayed for in the petition of the association.

By leave of court, Francis M. Lee, as administrator of the estate of James Spealman, deceased, and Leora Spealman, widow of James Spealman, were made parties defendant to the foreclosure action and severally filed therein an answer and cross-petition wherein, as we read them, it is claimed that the Spealmans owned and conveyed to Highwarden the real estate in question for the sum of $4350, but have received only $2800 thereof and that each of them is entitled to a judgment against the association and E. Bruce Highwarden and wife in the sum of $775 with interest from April 8, 1927, the date of the deed from them to Highwarden, and that they are entitled to a vendor's lien for the amount of the purchase money remaining unpaid.

The facts in evidence disclose that the purpose of the loan from the savings association was to finance the purchase by Highwarden of the Spealman property; that three checks representing the amount of the loan were issued and delivered to Highwarden, who endorsed and delivered them to Spealman. One of these checks for the sum of $1550 was endorsed by Spealman to the savings association, the association issuing therefor to Spealman and his wife a certificate. This was done pursuant to a collateral agreement whereby it was agreed that the certificate should be held by the association as aditional security for the $4350 loan to Highwarden and that when Highwarden paid $1550 upon his loan, the account evidenced by the certificate, with accrued interest, would be available for withdrawal by the Spealmans.

The Highwardens failed to pay any amount on their loan and the collateral so deposited by the Spealmans is now held by the Superintendent of Building and Loan Associations of the state of Ohio, who is in possession of the assets and property of the association for purposes of liquidation. It is clear from the evidence that the property was not, in the judgment of the association, of a value sufficient to justify a loan of $4350, the purchase price of the property, and therefore to procure it, the Spealmans entered into the collateral agreement on the assumption that the Highwardens would be able to reduce the amount thereof by the stipulated sum of $1550. It may be disappointing to the Spealmans that Highwarden did not fulfill his part of the arrangement, but that is no reason why they should not

abide by their agreement without which the loan to Highwarden would not have been made. The legal result is the same as if the Spealmans had received and retained the entire amount of the purchase price loaned by the association and, to assist Highwarden in procuring the loan, had theretofore deposited with the loan association, as collateral thereto, a note and mortgage held and owned by them on other real estate than that in question, or had deposited with the loan association $1550 in cash for the purpose of financing the transaction.

If the proceeds of the foreclosure sale of the Highwarden property are sufficient to satisfy the unpaid loan, then the administrator and Mrs. Spealman will be entitled to withdraw the entire amount of the collateral deposited by them as additional security and if not, then such part thereof, if any, as may remain after the satisfaction of the association loan.

We think this is all that it is necessary to say and the appeal herein being on questions of law and no prejudicial error appearing in the record, the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

TAYLOR and CARPENTER, JJ., concur.